IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE SOUTHERN DISTRICT OF FLORIDA

EMPIRE INDEMNITY INSURANCE
COMPANY,

    Plaintiff,

v.                                                          Case No.:

GIARDINO VILLAGE CONDOMINIUM
ASSOCIATION, INC.,

    Defendant.
_____/

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiff, EMPIRE INDEMNITY INSURANCE COMPANY ("Empire"), through undersigned counsel files this Complaint for Declaratory and Injunctive Relief against Defendant, GIARDINO VILLAGE CONDOMINIUM ASSOCIATION, INC. ("Giardino"), and alleges:

## GENERAL ALLEGATIONS

1. This is an action for declaratory judgment and injunctive relief pursuant to 28 U.S.C. § 2201, §2202, and Rule 57 of the Federal Rules of Civil Procedure.

2. The amount in controversy exceeds $75,000, as the insured's sworn proof of loss claims damages in excess of $75,000, which supports the jurisdictional amount.

3. Empire is a foreign corporation licensed to transact business in Palm Beach County.

4. At all times material, Giardino was a Florida corporation with its principal place of business in Palm Beach County, Florida.

5. Venue in the Southern District is proper because the real property that is the subject of the insurance policy in question is located in Palm Beach County, Florida.

6. This Court has jurisdiction pursuant 28 U.S.C. § 1332(a)(1) because the parties have complete diversity and the amount in controversy exceeds $75,000, as Giardino claimed in its Sworn Statement in Proof of Loss that it was entitled to benefits under the Policy totaling $514,103.26 ($966,349.26 minus the deductible of $452,246). (A copy of the Sworn Statement in Proof of Loss is attached as Exhibit "A").

7. Empire issued to Giardino a Commercial Property policy of insurance numbered CP400965 ("The Policy"). The policy insured Giardino from April 30, 2005 to April 30, 2006. A copy of the insurance policy is attached as Exhibit "B" and all of its terms and conditions are incorporated herein.

8. Giardino is a condominium unit complex consisting of six (6) condominium buildings. The buildings are of joist masonry construction. The roofs are concrete tile and the siding is stucco.

9. On June 8, 2010, Giardino filed a Civil Remedy Notice of Insurer Violations alleging that Empire although Empire initially paid for the damage to the roofs, Empire has refused to pay a supplemental claim to replace the entire roof on each of the buildings.

10. Giardino has based its claim for replacement of all roofs on two independent grounds. First, that the 2007 Florida Building Code, Existing, Chapter 6, Section 611.(1)(1), provides that the entire roof structure of a building must be replaced when 25% or more of the roof is damaged, and second, that Florida Statutes Section 626.9744 requires that the entire roof must be replaced if the replacement tiles do not match the undamaged existing tiles. For the

reasons set forth below, both of Giardino's arguments fail as a matter of policy construction and law.

11. There is no coverage for the increased costs associated with allegedly have to replace the roof because of the cited provision in the 2007 Florida Building Code. The Policy provides that there is not coverage for such expenses unless the provision requiring the increased costs was in effect at the time of the loss. Because the cited provision of the 2007 Florida Building Code was not in effect on or about October 24, 2005, when the property was damaged as a result of Hurricane Wilma, there is no coverage for Giardino's request for roof replacements.

12. There also is no legal requirement that Empire replace the entire roofs on each of the six (6) buildings at issue simply because a small percentage of the tiles that were replaced following Hurricane Wilma do not match the undamaged tiles. The only instance in which Florida law requires an insurer to specifically match damaged items with undamaged items is Florida Statutes Section 626.9744. However, but its terms that statute is inapplicable to this claim because it applies only to homeowner's policies, and not for commercial polices covering condominium associations. Therefore, Empire is entitled to a declaratory judgment holding that it is not obligated under the Policy or Florida Statutes to replace the entire roofs on the buildings that are the subject of the Policy.

<u>COUNT I</u><br><u>DECLARATORY RELIEF BASED ON LACK OF COVERAGE FOR CERTAIN</u><br><u>PROVISIONS IN THE 2007 FLORIDA BUILDING CODE, EXISTING</u>

13. Plaintiff re-alleges paragraphs 1-12 as if specifically set forth herein.

14. Empire is seeking a declaration that it is only required to pay for the replacement of the damaged tiles and that the policy does not require Empire to pay for the costs incurred in replacing the entire roof as those code requirements did not exist at the time of the loss.

15. The Policy includes, but is not limited to the following relevant portions:

**CONDOMINIUM ASSOCIATION COVERAGE FORM**

**4.    Additional Coverages**

****

e.   **Increased Cost of Construction**
(1)   This Additional Coverage applies only to buildings to which the Replacement Cost Optional Coverage applies.

(2)   In the event of damage by a Covered Cause of Loss to a building that is Covered Property, we will pay the increased costs incurred to comply with enforcement of an ordinance or law in the course of repair, rebuilding or replacement of damaged parts of that property, subject to the limitations stated in **e.(3)** through **e.(9)** of this Additional Coverage.

(3)   The ordinance or law referred to in **e.(2)** of this Additional Coverage is an ordinance or law that regulates the construction or repair of buildings or establishes zoning or land use requirements at the described premises, and is in force at the time of loss.

(4)   Under this Additional Coverage, we will not pay any costs due to an ordinance or law that:
(a)   You were required to comply with before the loss, even when the building was undamaged; and
(b)   You failed to comply with.

****

**(6)** The most we will pay under this Additional Coverage, for each described building insured under this Coverage Form, is $10,000 or *5%* of the Limit of insurance applicable to that building, whichever is less. If a damaged building is covered under a blanket Limit of insurance which applies to more than one building or item of property, then the most we will pay under this Additional Coverage, for that damaged building, is the lesser of: $10,000 or 5% times the value of the damaged building as of the time of loss times the applicable coinsurance percentage.

The amount payable under this Additional Coverage is additional insurance.

**(7)** With respect to this Additional Coverage:

**(a)** We will not pay for the Increased Cost of Construction:

**(i)** Until the property is actually repaired or replaced, at the same or another premises; and

**(ii)** Unless the repairs or replacement are made as soon as reasonably possible after the loss or damage, not to exceed two years. We may extend this period in writing during the two years.

**(b)** If the building is repaired or replaced at the same premises, or if you elect to rebuild at another premises, the most we will pay for the increased Cost of Construction, subject to the provisions of **e.(6)** of this Additional Coverage, is the increased cost of construction at the same premises.

\*\*\*\*

**(8)** This Additional Coverage is not subject to the terms of the Ordinance or Law Exclusion, to the extent that such Exclusion would conflict with the provisions of this Additional Coverage.

5

>    **(9)** The costs addressed in the Loss Payment and Valuation Conditions, and the Replacement Cost Optional Coverage, in this Coverage Form, do not include the increased cost attributable to enforcement of an ordinance or law. The amount payable under this Additional Coverage, as stated in **e.(6)** of this Additional Coverage, is not subject to such limitation.

16. Giardino's position is that because it alleges that more than 25% of the roof tiles need to be replaced on each of the buildings, the entire roof on all six (6) buildings needed to be replaced as per certain provisions in the 2007 Florida Building Code. Specifically, Giardino is relying on the 2007 Florida Building Code, Existing, Chapter 6, Section 611.(1)(1). (A copy of Chapter 6 is attached as Exhibit "C." This provision is hereinafter sometimes referred to as the "25% Rule" or "Section 611.(1)(1)").

17. Section 611.(1)(1) reads in pertinent part as follows:

>    Not more that 25% or the total roof area or roof section or any existing building or structure shall be replaced, repaired or recovered in any 12 month period unless the entire roofing system or roof section conforms to the requirements of this Code.

18. However, under the CONDOMINIUM ASSOCIATION COVERAGE FORM, Section A. 4., there is a subsection (e) relative to increased construction cost attributable to compliance with or enforcement of an ordinance or law such as the Florida Building Code, and that subsection reads in pertinent part as follows:

>    **e.  Increased Cost of Construction**
>    **(1)** This Additional Coverage applies only to buildings to which the Replacement Cost Optional Coverage applies.
>
>    **(2)** In the event of damage by a Covered Cause of Loss to a building that is Covered Property, we will pay the increased costs incurred to comply with enforcement of an ordinance or law in the course of repair, rebuilding or replacement of damaged parts

6

>> of that property, subject to the limitations stated in **e.(3)** through **e.(9)** of this Additional Coverage.
>
> **(3) The ordinance or law referred to in e.(2) of this Additional Coverage is an ordinance or law that regulates the construction or repair of buildings** or establishes zoning or land use requirements at the described premises, **and is in force at the time of loss.** [Emphasis Added].

19. Section 611.1.1 was not in force at the time Hurricane Wilma allegedly damaged the buildings on October 25, 2005. A copy of the Florida Building Code, Existing, Chapter 5, Section 511 that was in effect at the time of the loss is attached as Exhibit "D." Under the Re-roofing section in force at the time of the loss, there was no 25% rule. The 25% Rule was added and made effective in the 2006 supplement to the Florida Existing Building Code in 2006 and states that if 25% or more of a roof is repaired or replaced, the entire roof must be replaced. (See Exhibit "E").

20. Therefore, an actual controversy exists between the parties as to Empire and Giardino's duties and responsibilities in regard to the requirements of the insurance policy attached hereto as Exhibit "B." Because the increased cost of construction in the form of a roof replacement that Giardino would incur is not covered by the Policy, Empire is entitled to a declaration from this Court that the cost of replacing undamaged tiles, which is required by the statute is not covered.

21. Empire has complied with all conditions precedent or they have been waived by Giardino.

**COUNT II**
**DECLARATORY RELIEF BASED ON INAPPLICABILITY**
**OF FLORIDA STATUTE §626.9744**

22  Plaintiff re-alleges paragraphs 1 through 21 as if specifically set forth herein.

23. Empire seeks a declaration that the Policy at issue and all applicable Florida Statutes and local codes do not require Empire to replace all of the roof tiles on Giardino's condominium buildings if it can not match the existing, undamaged tiles, because under the Loss Payment provisions of the Policy, Empire can make an election to pay for the damaged property, rather than repair and replace the property.

24. Defendant, Giardino contends that the insurance policy issued by Empire to Giardino and Florida Statute §626.9744 requires Empire to match the broken tiles with the existing tiles, and if they can not be matched, then Giardino is requesting additional policy benefits in order for all of the roof tiles to be replaced.

25. Florida Statute §626.9744 provides in pertinent part,

> Unless otherwise provided by the policy, when a homeowner's insurance policy provides for the adjustment and settlement of first-party losses based on repair or replacement cost, the following requirements apply:
>
> > (1) When a loss requires repair or replacement of an item or part, any physical damage incurred in making such repair or replacement which is covered and not otherwise excluded by the policy shall be included in the loss to the extent of any applicable limits. The insured may not be required to pay for betterment required by ordinance or code except for the applicable deductible, unless specifically excluded or limited by the policy.
> >
> > (2) When a loss requires replacement of items and the replaced items do not match in quality, color, or size, the insurer shall make reasonable repairs or replacement of items in adjoining areas. In determining the extent of the repairs or replacement of items in adjoining areas, the insurer may consider the cost of repairing or replacing the undamaged portions of the property, the degree of uniformity that can be achieved without such cost, the remaining useful life of the undamaged portion, and other relevant factors.

26. Florida Statute §631.54 defines a "homeowners policy" as specifically excluding "commercial residential policies covering condominium associations or homeowners' associations, which associations have a responsibility to provide insurance coverage on

8

residential units within the association, and also excludes coverage for the common elements of a homeowners' association."

27. The Policy contains the following loss payment clause:

**4.   Loss Payment**

    a.   In the event of loss or damage covered by this Coverage Form, at our option, we will either:

        (1) Pay the value of lost or damaged property;
        (2) Pay the cost of repairing or replacing the lost or damaged property, subject to **b.** below;
        (3) Take all or any part of the property at an agreed or appraised value; or
        (4) Repair, rebuild or replace the property with other property of like kind and quality, subject to **b.** below.

…

28. Empire contends that the policy of insurance it issued to Giardino does not require it to match the tiles, and that Florida Statute §626.9744 only applies to residential, homeowners policies, not commercial policies covering residential condominium associations, such as the Policy at issue. This Court recently resolved this issue in *Strasser v. Nationwide Mutual Insurance Co.*, 2010 WL 667945 (S.D. Fla.), whereby the Court held that Florida Statute §626.9744 does not apply to a commercial policy that provides the insurer the right to select whether to pay for the damage or repair and replace the damage, and therefore the insurer is not required to "match" the damaged property if it does not elect the repair or replace option. *Strasser* Order attached as Exhibit "F."

29. Empire has not elected the repair or replace option, but rather, it has elected to pay for any damage that the defendant may be entitled, pursuant to the appraisal award, for the tiles that were specifically damaged as a result of Hurricane Wilma, and therefore, it does not have a responsibility to "match" the damaged tiles to the existing, undamaged tiles.

30. An actual controversy exists between the parties as to Empire's duties and responsibilities in regard to the claims of Giardino based upon the insurance policy attached hereto as Exhibit "B," Florida Statute §626.9744, all other applicable Florida Statutes, and applicable local codes. Because that statute does not apply to the Policy at issue in this case, Empire is entitled to a declaratory judgment by this Court that it is not obligated to replace the roofs on the six (6) buildings at Giardino.

31. Empire is in doubt as to its rights under the Policy. Therefore a judicial controversy exists regarding the parties' duties and responsibilities to one another.

32. Empire has complied with all conditions precedent or they have been waived by Aberdeen.

**WHEREFORE**, EMPIRE INDEMNITY INSURANCE COMPANY requests the following relief:

(a). That this Court enter a judgment that the Empire Policy does not provide coverage for the costs and expenses of replacing entire roof sections as a result of the 2006 Florida Existing Building Code; and

(b). That this Court enter a judgment declaring that the Empire Indemnity Insurance Company Policy at issue, and Florida Statute §626.9744 does not require Empire to match the broken tiles to the existing tiles as Giardino contends, pursuant to *Strasser v. Nationwide Mutual Insurance Co.*, 2010 WL 667945 (S.D. Fla.); and

(c). Award Empire any further relief the Court deems just and proper under the circumstances.

**DATED** this **9th** day of July, 2010.

                      RESPECTFULLY SUBMITTED,

                      /s/ *J. Michael Grimley, Jr.*
                      J. MICHAEL GRIMLEY, JR., ESQUIRE
                      Florida Bar No.: 0667234
                      Galloway, Johnson, Tompkins, Burr & Smith, PLC
                      118 East Garden Street
                      Pensacola, Florida 32502
                      (850) 436-7000 Telephone
                      (850) 436-7099 Facsimile
                      E-mail: mgrimley@gjtbs.com
                      *Counsel for Empire Indemnity Insurance Company*